UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

AFP MANUFACTURING CORPORATION,

       Plaintiff,                                    7:17-cv-03292-NSR

v.

AFP IMAGING CORPORATION, BIOWAVE
INNOVATIONS LLC, and R. SCOTT JONES,

       Defendants.                              July 24, 2018

---------------------------------------------------------x

**ANSWER, AFFIRMATIVE DEFENSES & COUNTER-CLAIM**

      Defendants AFP Imaging Corporation; BioWave Innovations LLC; and R. Scott Jones[1] (hereinafter, "Defendants"), by and through their attorneys, Winget, Spadafora & Schwartzberg, LLP, hereby answer Plaintiff AFP Manufacturing Corporation's Complaint dated May 3, 2017, as follows:

**PRELIMARY STATEMENT**

      1.     In response to Paragraph 1, Defendants admit to the referenced purchase but deny all remaining factual allegations therein.

      2.     In response to Paragraph 2, Defendants deny the factual allegations therein.

      3.     In response to Paragraph 3, Defendants admit the existence of the APA but deny the remaining factual allegations therein.

---

[1] The claims against R. Scott Jones as an individual have been dismissed. As such Mr. Jones does not respond to the allegations. To the extent a response is required, Mr. Jones adopts the answers herein.

4. In response to Paragraph 4, Defendants deny the factual allegations therein.

5. In response to Paragraph 5, Defendants deny the factual allegations therein.

6. In response to Paragraph 6, Defendants deny the factual allegations therein.

7. In response to Paragraph 7, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

## THE PARTIES

8. In response to Paragraph 8, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

9. In response to Paragraph 9, Defendants admit that at the time the APA was executed Imaging's principal place of business was located at 185 Kisco Avenue, Mt. Kisco, NY 10549.

10. In response to Paragraph 10, Defendants admit the factual allegations therein.

11. In response to Paragraph 11, Defendants admit the factual allegations therein.

## JURISDICTION AND VENUE

12. In response to Paragraph 12, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

13. In response to Paragraph 13, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

## **FACTUAL BACKGROUND**

14. In response to Paragraph 14, Defendants admit the factual allegations therein.

15. In response to Paragraph 15, Defendants deny the specificity of "virtually all of Imaging's assets", but admit the remaining factual allegations therein.

16. In response to Paragraph 16, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

17. In response to Paragraph 17, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

18. In response to Paragraph 18, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

19. In response to Paragraph 19, Defendants admit that the parties executed the APA. The terms of the APA speak for themselves.

20. In response to Paragraph 20, the APA speaks for itself.

21. In response to Paragraph 21, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

22. In response to Paragraph 22, the APA speaks for itself.

23. In response to Paragraph 23, the APA speaks for itself.

24. In response to Paragraph 24, the APA speaks for itself.

25. In response to Paragraph 25, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

26. In response to Paragraph 26, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

27. In response to Paragraph 27, Defendants deny the factual allegations therein.

28. In response to Paragraph 28, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

29. In response to Paragraph 29, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

30. In response to Paragraph 30, Defendants deny the factual allegations therein.

31. In response to Paragraph 31, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

32. In response to Paragraph 32, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

33. In response to Paragraph 33, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

34. In response to Paragraph 34, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

35. In response to Paragraph 35, Defendants deny the factual allegations therein.

36. In response to Paragraph 36, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

37. In response to Paragraph 37, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

38. In response to Paragraph 38, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

39. In response to Paragraph 39, Defendants deny the factual allegations therein.

40. In response to Paragraph 40, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

41. In response to Paragraph 41, Defendants admit providing documents pursuant to APA, but deny having sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations therein and therefore leave Plaintiff to its proof.

42. In response to Paragraph 42, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

43. In response to Paragraph 43, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

44. In response to Paragraph 44, Defendants admit providing documents pursuant to APA.  The terms of the APA speak for themselves.

45. In response to Paragraph 45, the APA speaks for itself.

46. In response to Paragraph 46, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

47. In response to Paragraph 47, Defendants deny the factual allegations therein.

48. In response to Paragraph 48, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

49. In response to Paragraph 49, Defendants admit providing documents pursuant to APA.

50. In response to Paragraph 50, Defendants admit providing documents pursuant to APA.

51. In response to Paragraph 51, Defendants deny the factual allegations therein.

52. In response to Paragraph 52, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

53. In response to Paragraph 53, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

54. In response to Paragraph 54, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

55. In response to Paragraph 55, Defendants deny the factual allegations therein.

56. In response to Paragraph 56, Defendants admit agreeing a new inventory but deny all other factual allegations therein.

57. In response to Paragraph 57, Defendants admit the factual allegations therein.

58. In response to Paragraph 58, Defendants admit the factual allegations therein.

59. In response to Paragraph 59, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

60. In response to Paragraph 60, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

61. In response to Paragraph 61, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

62. In response to Paragraph 62, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

63. In response to Paragraph 63, Defendants deny the factual allegations therein.

64. In response to Paragraph 64, the APA speaks for itself.

65. In response to Paragraph 65, Defendants deny the factual allegations therein.

66. In response to Paragraph 66, Defendants deny the factual allegations therein.

67. In response to Paragraph 67, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

68. In response to Paragraph 68, Defendants deny the factual allegations therein.

69. In response to Paragraph 69, Defendants deny the factual allegations therein.

70. In response to Paragraph 70, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

71. In response to Paragraph 71, Defendants deny the factual allegations therein.

72. In response to Paragraph 72, Defendants deny the factual allegations therein.

73. In response to Paragraph 73, Defendants deny the factual allegations therein.

74. In response to Paragraph 74, as to "…Manufacturing struggles to break even from month to month," Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.  The Defendants deny all remaining factual allegations in Paragraph 74.

75. In response to Paragraph 75, Defendants deny having sufficient knowledge or information upon which to form a belief as to the truth of the allegations and leave Plaintiff to its proof.

76. In response to Paragraph 76, Defendants deny the factual allegations therein.

77. In response to Paragraph 77, Defendants deny the factual allegations therein.

78. In response to Paragraph 78, Defendants deny the factual allegations therein.

79. In response to Paragraph 79, Defendants reincorporate their responses to Paragraphs 1-78, as though set forth fully herein.

80. In response to Paragraph 80, Defendants deny the factual allegations therein.

81. In response to Paragraph 81, the APA speaks for itself.

82. In response to Paragraph 82, Defendants deny the factual allegations therein.

83. In response to Paragraph 83, the APA speaks for itself.

84. In response to Paragraph 84, Defendants deny the factual allegations therein.

85. In response to Paragraph 85, the APA speaks for itself.

86. In response to Paragraph 86, Defendants deny the factual allegations therein.

87. In response to Paragraph 87, Defendants deny the factual allegations therein.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Fraud as against all Defendants)**

88 - 94.   This Claim has been dismissed.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment as against all Defendants)**

95.– 99.   This Claim has been dismissed.

### AS AND FOR A FOURTH CAUSE OF ACTION

**(Attorneys' Fees as against Imaging and BioWave)**

100. In response to Paragraph 100, excepting dismissed claims in Paragraphs 88 – 99, Defendants reincorporate their responses as though set forth fully herein.

101. In response to Paragraph 101, the APA speaks for itself.

102. In response to Paragraph 102, Defendants deny the factual allegations therein.

## PRAYER FOR RELIEF

A.– E. Defendants deny Prayers for Relief A through E, inclusive.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred as their damages, if any, were caused by their own failure to exercise their rights and obligations under the APA.

### Third Affirmative Defense

Plaintiff's claims are diminished or barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are diminished or barred by the doctrine of recoupment.

### Fifth Affirmative Defense

Plaintiff's claims are diminished or barred by the doctrine of set off.

### Sixth Affirmative Defense

Plaintiff's claims against Defendant are barred by the following provisions of the APA: Sections (1), (3), (6), (7), (18)(b), and/or (27).

### Seventh Affirmative Defense

Defendant reserves the right to supplement these defenses as discovery proceeds.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, Defendants, AFP Imaging Corporation ("Imaging") and BioWave Innovations, LLC ("BioWave") hereby assert the following Counterclaim against AFP Manufacturing Corporation ("Manufacturing").

## PARTIES

1. Manufacturing is a Georgia corporation with its principal place of business at 685 Dividend Drive, Suite 250, Peachtree City, GA 30269.

2. Imaging is a New York corporation with its principal place of business at 274 Ridgefield Road, Wilton, CT 06897.

3. BioWave is a Connecticut corporation with its principal place of business at 274 Ridgefield Road, Wilton, CT 06897.

4. On June 10, 2016, the parties executed an Asset Purchase Agreement ("APA") among Manufacturing, as buyer, and Imaging and BioWave, as sellers. The APA provided that Manufacturing would purchase certain Imaging assets effective June 27, 2016, for $1 million, in the form of $850,000 cash at closing and a promissory note for $150,000 payable to Imaging over ten years, with payments to begin 24 months after closing.

5. The APA also contains the following provisions:

    (a) Section 1 – <u>Purchase and Sale of the Purchased Assets</u> "Subject to the conditions set forth herein, Seller agrees to sell, transfer, and assign, and Purchaser agrees to purchase the assets listed in **Schedule 1** (the "Purchased Assets" or the "Processor Business"). . . ."

    *Schedule 1* … "All equipment and assets required to operate the film processing business of AFP Imaging Corporation, including but not limited to those required to manufacture Seller's products, parts, inventory, storage racks."

    (b) Section 8 - <u>Confidentiality & Non-Disclosure:</u> "Neither Seller nor Purchaser shall make any public disclosure or public release pertaining to the existence of the Letter of Intent or of this Agreement or the subject

    matter contained herein without the express written consent of the other party. Each party shall be permitted to make such disclosure to the public or governmental agencies that its counsel shall deem necessary to comply with any applicable laws, but any such disclosure shall be submitted to the other party and its counsel prior to dissemination of same."

(c) Section 17 (p) – <u>Seller's Covenants, Representations, and Warranties</u>: "Seller owns all rights in its trade name, trademarks, service marks, and all other intellectual property used in connection with the business (except the Dent-X mark. The Seller currently licenses the Dent-X mark. Purchaser warrants that it will comply with the terms and conditions of the Dent-X trademark license) is (i) owned by the Seller, (ii) currently in the public domain or otherwise available to the Seller without the approval or consent of any third party, or (iii) licensed or otherwise used by the Seller pursuant to the terms of valid, binding written agreements which agreements have been provided to Purchaser and either specifically assigned to or explicitly not assigned to Purchaser."

(d) Section 18 (d) – <u>Indemnification & Warranty Obligations</u>: "Purchaser will provide Seller with a quarterly summary of parts issued under warranty as well as Warranty expenditure totals."

## COUNT ONE: BREACH OF CONTRACT

    6.    Imaging and Biowave repeat and reallege the allegations as set forth in paragraphs 1 through 5 above as if fully set forth herein;

    7.    In order to induce Imaging to enter into the transaction, and to accept a Seller's Promissory Note, Manufacturing made substantial representations that both of its Principals, Craig Brummer and Suzanna Brummer (the "Brummers"), possessed an appropriate understanding of basic business operations including; 1) Fundamental GAAP accounting principals, 2) Purchasing experience, 3) Fundamental understanding of an Asset Purchase vs Stock Purchase transaction structure 4) Management experience 5) Marketing, Sales and Customer Service skills and experience and 6) Experience in performing due diligence. Subsequent to the sale transaction, the Brummers have demonstrated no such fundamental business acumen, have conducted themselves in an inappropriate manner in the business place,

and have proceeded to put the business, with 40 years of operational history, in jeopardy along with Seller's Promissory Note.

8. Imaging and BioWave have fully performed under the terms of the APA.

9. Manufacturing had clear and unambiguous obligations under the terms of the APA.

10. Manufacturing breached those obligations by:

(a) Willfully retaining, withholding, or disposing of assets that were not Purchased Assets including but not limited to: the Imaging corporate server, Imaging's Primary Accounting P.C., and numerous Corporate Records in violation of Section 1 of the APA despite unambiguous communication and agreement. These actions have resulted in: 1) Imaging falling out of compliance with proper document retention, 2) Imaging's confidential public company shareholder and financial documentation being released into the public domain by Manufacturing, 3) Imaging's inability to properly prepare subsequent tax filings and 4) Imaging's inability to provide proper due-diligence information for a prospective merger transaction of substantial value;

(b) Knowingly continuing to sell numerous components which utilize the "Dent-X" mark, thus putting Imaging in breach of its licensing agreement for the "Dent-X" mark;

(c) Failing to provide quarterly warranty reports as stipulated in the APA, thus prohibiting Imaging and Biowave from establishing proper reserves in its financial reporting;

(d) Public communications were issued, unilaterally, by Manufacturing without the required prior consent of Imaging as called for in the APA. Such communications were derogatory in nature and have impacted Imaging's ability to proceed with prospective merger transactions of significant value to Imaging;

(e) Unauthorized modifications were made to Imaging's Dunn and Bradstreet public reporting account by Manufacturing indicating the Imaging had terminated operations, thus further generating negative publicity toward Imaging;

11. Imaging and Manufacturing further entered into a Sublease in connection with the APA, which was a valid and binding contract

12. Lease payments to Imaging from Manufacturing were withheld, in breach of the terms of the Sublease.

13. As a result of Manufacturing's breaches, Imaging and BioWave have suffered monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter Claim Plaintiffs claim:

1. Monetary Damages;

2. Attorney's Fees in accordance with the terms of the APA;

3. Costs; and

4. Such other relief as the Court deems just in law and equity.

Dated: July 24, 2018

             By: */s/ Brian J. Palmeri*
                Brian J. Palmeri, Esq.
                Winget, Spadafora & Schwartzberg, LLP
                177 Broad Street, 10th Floor
                Stamford, CT 06901
                Phone: (203) 328-1200
                Fax: (203) 328-1212
                Palmeri.B@wsllp.com
                *Attorneys for the Defendants/Counterclaim Plaintiffs.*

## **CERTIFICATION**

I hereby certify that on this 24th day of July, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                */s/ Brian J. Palmeri*
                Brian J. Palmeri